IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SONJIA M. GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File |
| | ) |
| TERRELL A. OJO, CANAL | ) No. _____ |
| INSURANCE COMPANY, and | ) |
| JBR, LLC d/b/a EASTERN | ) |
| TRANSPORT, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants TERRELL A. OJO, CANAL INSURANCE COMPANY, and JBR, LLC d/b/a EASTERN TRANSPORT ("Defendants") hereby file this Notice of Removal to remove this civil action from the State Court of DeKalb County, Georgia, wherein it was filed on May 3, 2013, as Civil Action No. 13A47108-3, to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendants, without waiving any objection to personal jurisdiction, respectfully state as follows:

1.  On May 3, 2013, Plaintiff filed the above styled Complaint in the State Court of DeKalb County, Georgia. True and correct copies of all

– 1 –

process, pleadings, and orders served upon the Defendants in the above styled case are attached hereto as Exhibit A.

2. Defendant Canal Insurance Company was served on June 4, 2013, but no other Defendant has been served with process as of this date.

## DIVERSITY OF CITIZENSHIP

3. Plaintiff is an individual resident of DeKalb County, State of Georgia. (*See* Exhibit A, Complaint for Personal Injuries and Damages ("Complaint"), ¶ 1.)

4. Defendant Terrell A. Ojo is a resident of Baltimore County in the State of Maryland. (Complaint, ¶ 2.)

5. Canal Insurance Company is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Greenville, South Carolina. (Complaint, ¶ 3.)

6. JBR, LLC d/b/a Eastern Transport is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Dundalk, Maryland. (Complaint, ¶ 4.)

## AMOUNT IN CONTROVERSY

7. The Complaint does not plead a specific amount in controversy but it does state that the Plaintiff has incurred $49,445.73 in medicals and lost wages

of approximately $10,000. Additionally, the Plaintiff has sent several demand letters to Defendants and all letters have demanded amounts in excess of $400,000. Accordingly, it is undisputed that the amount in controversy exceeds $75,000 and the minimum amount in controversy is satisfied.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

8. This Notice of Removal was filed within thirty days after receipt by Defendants through service or otherwise of a copy of the initial pleadings, it is timely under 28 U.S.C. §§ 1446(b).

9. All Defendants consent and agree to this Notice of Removal.

10. Defendants have sought no similar relief with respect to this matter.

11. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on the removing Defendants in the state court action are attached hereto as Exhibit A.

13. A copy of this Notice of Removal is being filed with the Clerk for the State Court of DeKalb County, Georgia, as provided by law, and written notice is being sent to Plaintiff's counsel.

14. The allegations of this Notice are true and correct, the case is currently pending in a county within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division, and this cause is properly removable to the United States District Court for the Northern District of Georgia.

WHEREFORE, Defendants desiring to remove this case to the United States District Court for the Northern District of Georgia, Atlanta Division, being a district and division of said Court for the county in which said action is pending, pray that filing of this Notice of Removal shall effect the removal of said civil action to this Court.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.1(D) of the Local Rules of the Northern District of Georgia, the undersigned hereby certifies that the foregoing was prepared in a font and point selection approved by this Court and authorized in Local Rule 5.1(B).

Respectfully submitted this 6th day of June, 2013.

                           AUSTIN & SPARKS, P.C.

                           By: s/John B. Austin
                                 John B. Austin
                                 Georgia Bar No. 028814
                                 Attorneys for Defendants

2974 Lookout Place
Suite 200
Atlanta, Georgia 30305-3272
(404) 869-0100 - Office
(404) 869-0200 - Facsimile
jaustin@austinsparks.com

# EXHIBIT A

# PERSONAL INJU[RY]

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

No. 13A47108-3

Date Summons Issued and Filed: 6-6-2013

_____
Deputy Clerk

Deposit Paid $ 217.80

[ ] ANSWER
[✓] JURY

**Sonjia M. Glenn**
_____
(Plaintiff's name and address)

vs.

**Terrell A. Ojo, Canal Insurance Company, and JBR, LLC d/b/a Eastern Transport**
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

**Evan R. Mermelstein** (Name)
**275 Scientific Drive, Suite 2000** (Address)
**Norcross, GA 30092**
(Phone Number) **(404) 881-2622**  (Georgia Bar No.) **502567**

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

| Defendant's Attorney | Third Party Attorney |
|---|---|
| | |
| Address | Address |
| Phone No.   Georgia Bar No. | Phone No.   Georgia Bar No. |

**TYPE OF SUIT**

- ☐ Account
- ☐ Contract
- ☐ Note
- ☐ Trover

- ☒ Personal Injury
- ☐ Medical Malpractice
- ☐ Legal Malpractice
- ☐ Product Liability
- ☐ Other

Principal $ _____
Interest $ _____
Atty Fees $ _____

☐ Transferred From _____

(Attach BLUE to Original and WHITE to Service Copy of complaint)

05/13/2013 10:27 AM

summons1-2008rev

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FILED IN THIS OFFICE
THIS 3 DAY OF May 13
Clerk, State Court, DeKalb County

| | | |
|---|---|---|
| SONJIA M. GLENN, | § § | |
| Plaintiff, | § § | CIVIL ACTION |
| vs. | § § § | FILE NO.: 13A47108-3 |
| TERRELL A. OJO, CANAL INSURANCE COMPANY, and JBR, LLC d/b/a/ EASTERN TRANSPORT, | § § § § § | |
| Defendants. | § | |

## COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

**COMES NOW** SONJIA M. GLENN, Plaintiff in the above-styled Civil Action, by and through her counsel of record, and file this Complaint for Personal Injuries and Damages against Terrell A. Ojo, Canal Insurance Company, and JBR, LLC d/b/a/ Eastern Transport, showing the Court the following:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Sonjia M. Glenn (hereinafter "Ms. Glenn") is over the age of majority and is a resident citizen of the State of Georgia, DeKalb County.

2.

Upon information and belief, Defendant Terrell A. Ojo (hereinafter "Mr. Ojo") is a resident of the State of Maryland residing at 12 Breezy Court, Apartment G, Lutherville-Timonium, Baltimore County, Maryland 21093-1256. Upon service of process on Mr. Ojo, this Defendant will be subject to jurisdiction and venue in this Court.

3.

Upon information and belief, Defendant Canal Insurance Company (hereinafter "Canal

**05/13/2013 10:27 AM**

{Firm/9009/001/00705196.DOC}

Insurance") is a foreign corporation with its principal place of business located at 400 East Stone Avenue, Greenville, South Carolina 29601. Upon service of process on Canal Insurance, this Defendant will be subject to jurisdiction and venue in this Court.

4.

Upon information and belief, Defendant JBR, LLC d/b/a Eastern Transport (hereinafter "JBR, LLC") is a foreign corporation with its principal place of business located at 1645 Merritt Boulevard, Dundalk, Baltimore County, Maryland 21085. Upon service of process on JBR, LLC, this Defendant will be subject to jurisdiction and venue in this Court

## LIABILITY OF DEFENDANTS MR. OJO, JBR, LLC, AND CANAL INSURANCE

5.

On June 7, 2011 at approximately 4:30 p.m., Mr. Ojo was operating a 2006 Freightliner tractor-trailer, with a gross vehicle weight rating of 80,000.00 pounds, on Interstate 285 Eastbound, in DeKalb County, Georgia.

6.

On June 7, 2011 at approximately 4:30 p.m., Ms. Glenn was operating a 2005 Nissan Altima vehicle immediately in front of Mr. Ojo's tractor-trailer on Interstate 285 Eastbound, in DeKalb County, Georgia.

7.

At the above-mentioned date and time, the tractor-trailer being operated by Mr. Ojo, suddenly and without warning, crashed into the rear of Ms. Glenn's vehicle, causing intrusion into the rear compartment of Ms. Glenn's vehicle.

8.

At the time of this crash, Ms. Glenn was properly and lawfully operating her vehicle and

this crash occurred through no fault or neglect on the part of Ms. Glenn.

9.

By contrast, at the time of this crash, Mr. Ojo was negligent and/or reckless in the operation of his vehicle in that he was following too closely, failed to maintain a proper lookout, disregarded the safety of others, and/or otherwise failed to exercise ordinary care in the operation of the tractor-trailer.

10.

Further, the actions of Mr. Ojo constituted a direct violation of numerous statutes of the State of Georgia, with such violations constituting negligence *per se* or negligence as a matter of law including, but not limited to, the following:

    a.    O.C.G.A. § 40-6-49, following too closely;

    b.    O.C.G.A. § 40-6-180, driving too fast for the conditions then-existing; and/or

    c.    O.C.G.A. § 40-6-241, driver to use due care and not be distracted.

11.

At the time of this crash, JBR, LLC was the employer of Mr. Ojo and Mr. Ojo was acting within the course and scope of his employment and on the business of JBR, LLC.

12.

JBR, LLC was negligent and was the proximate cause of this crash in that it failed to properly train its agent and employee, Mr. Ojo, in the proper operation of its vehicle, failed to properly supervise its agent and employee, Mr. Ojo, in the proper operation of its vehicle, negligently hired Mr. Ojo to operate its vehicle, and/or is otherwise responsible for the conduct of its agent and employee, Mr. Ojo, under the doctrine of *respondeat superior*.

13.

At the time of this crash, Canal Insurance was the liability insurer for the 2006 Freightliner being operated by Mr. Ojo within the course and scope of his employment and on the business of JBR, LLC.

## DAMAGES

14.

As a direct and proximate result of the negligence and/or recklessness of Mr. Ojo at the time of this crash, Ms. Glenn sustained numerous injuries requiring emergency medical care and continuing medical care and treatment, for which she has incurred past expenses, which are expected to continue into the future, including the following:

| MEDICAL PROVIDER | AMOUNT |
| --- | --- |
| Emory Clinic | 6,446.00 |
| Emory Orthopedics & Spine | 2,786.00 |
| Kendrick Family Practice | 383.00 |
| Dr. Tyra Harris | 490.00 |
| Sparlin Healthcare | 4,836.37 |
| EMS Ventures, Inc. (Rural Metro) | 641.00 |
| Atlanta Medical Center | 1,062.81 |
| AMC Emergency Physicians | 713.00 |
| Prescriptions | 149.00 |
| Lost Wages | 4,518.86 |
| MRI & Imaging of Georgia | 1,840.00 |
| Georgia Spine and Neuro | 677.28 |
| DeKalb Medical Center | 24,902.41 |
| TOTAL CURRENT MEDICAL EXPENSES | 49,445.73 |

15.

Furthermore, as a direct and proximate result of the negligence and/or recklessness of Mr. Ojo at the time of this crash, Ms. Glenn sustained past lost wages of approximately $10,000.00, which amount will continue to increase into the future.

05/13/2013 10:27 AM

- 4 -

{Firm/9009/001/00705196.DOC}

16.

Finally, as a direct and proximate result of the negligence and/or recklessness of Mr. Ojo at the time of this crash, Ms. Glenn has suffered, continues to suffer, and can be expected in the future to suffer, severe pain of body and mind, mental anguish, emotional distress, and other general, non-economic damages, in an amount to be proven at trial and decided by the fair and enlightened conscience of an impartial jury.

17.

All of the injuries sustained by Ms. Glenn, along with her losses and damages, past, present, and future, were directly and proximately caused by the crash of June 7, 2011, and the negligence and/or recklessness of the Defendants.

18.

In addition to the above, Defendants' actions were in bad faith, have been stubbornly litigious, and/or have caused Ms. Glenn unnecessary trouble and expense, such that Ms. Glenn's attorney's fees and expenses of litigation may be recovered.

WHEREFORE, Plaintiff, Sonjia Glenn, respectfully demands as follows:

A.    That this Summons and Complaint for Personal Injuries and Damages be issued and served upon the Defendants as required by law;

B.    That Ms. Glenn have and recover judgment against the Defendants for all special damages proven upon trial of this case, including, but not limited to medical expenses, lost wages, and attorney's fees and expenses of litigation in an amount to be proved upon a trial of this matter;

C.    That Ms. Glenn have and recover judgment against Defendants for all general damages in such amount as the jury determines to be appropriate to compensate her for her

injuries and damages;

    D.    That Ms. Glenn have a trial by jury as authorized by law;

    E.    That Ms. Glenn have such further and other relief as the Court deems just and proper under the circumstances.

This 1st day of May, 2013.

                            CRUSER & MITCHELL, LLP

                            EVAN R. MERMELSTEIN
                            Georgia Bar No. 502567
                            Attorney for Plaintiff

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622
(404) 881-2630 – fax

05/13/2013 10:27 AM

{Firm/9009/001/00705196.DOC}

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SONJIA M. GLENN,             ) | |
| )| |
| Plaintiff,           ) | |
| )| |
| v.                                                     ) | Civil Action File |
| )| |
| TERRELL A. OJO, CANAL       ) | No. _____ |
| INSURANCE COMPANY, and  )| |
| JBR, LLC d/b/a EASTERN       )| |
| TRANSPORT,                          )| |
| )| |
| Defendants.        ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day a true and correct copy of the **Notice of Removal** to counsel listed below via electronic mail through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Evan R. Mermelstein, Esq.
Cruser & Mitchell, LLP
Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
emermelstein@cmlawfirm.com

Respectfully submitted this 6th day of June, 2013.

        AUSTIN & SPARKS, P.C.

       By: s/John B. Austin
         John B. Austin
         Georgia Bar No. 028814
         Attorneys for Defendants

2974 Lookout Place
Suite 200
Atlanta, Georgia 30305-3272
(404) 869-0100 - Office
(404) 869-0200 - Facsimile
jaustin@austinsparks.com